No. 03-055

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 197N

IN THE MATTER OF T.W.,

　　　　Youth in Need of Care.

APPEAL FROM:　　District Court of the Eighth Judicial District, Cause No. BDJ-01-111-Y
　　　　　　　　In and for the County of Cascade,
　　　　　　　　The Honorable Julie Macek, Judge presiding.

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　　　Carl Jensen, Attorney at Law, Great Falls, Montana

　　　　　For Respondent:

　　　　　　　Hon. Mike McGrath, Attorney General; Ilka Becker,
　　　　　　　Assistant Attorney General, Helena, Montana

　　　　　　　Brant Light, Cascade County Attorney; Mary Ann Ries,
　　　　　　　Deputy County Attorney, Great Falls, Montana

　　　　　　　　　　　Submitted on Briefs:　July 10, 2003

　　　　　　　　　　　　　Decided:　August 5, 2003

Filed:

_____
　　　　　　　　　　Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     The mother of T.W. appeals the termination of her parental rights to T.W.  We affirm the judgment entered by the Eighth Judicial District Court, Cascade County.

¶3     The issues are whether the District Court properly terminated the rights of the mother when the father was given additional time to complete a treatment plan, and whether the Department of Public Health and Human Services' (DPHHS) Indian Child Welfare Act (ICWA) expert was properly qualified.

¶4     We review a district court's decision to terminate parental rights for abuse of discretion.  *In re M.D.M.*, 2002 MT 305, ¶ 12, 313 Mont. 51, ¶ 12, 59 P.3d 1142, ¶ 12 (citations omitted).  In addition to the requirements of state law for termination of parental rights, termination in an ICWA case must be supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child. 25 U.S.C. § 1912(f).

¶5     With regard to the mother's argument that the grant of extra time to the father entitles her to extra time to complete her treatment plan, we observe that DPHHS did not pursue

2

termination of the father's parental rights concurrently with the mother's because he was released from prison during these proceedings and may be capable of completing a treatment plan and parenting T.W. The mother cites no statutory or case law, as required by Rule 23(a)(4), M.R.App.P., to support her position on this issue and, therefore, we decline to address this matter further.

¶6 With regard to the mother's ICWA-related issue, it is undisputed that ICWA requires qualified expert testimony that the continued custody of an Indian child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child before parental rights to the child may be terminated. 25 U.S.C. § 1912(f). In the present case, DPHHS never conclusively determined that T.W. is an Indian child to whom ICWA provisions apply, but it nevertheless addressed the ICWA requirements in presenting its case.

¶7 In this regard, DPHHS presented the testimony of its employee, Toby Whitaker, a member of the Little Shell band of the Chippewa Cree Tribe who had been employed as a tribal police officer working with children. Whitaker testified that she was familiar with Native American cultural practices and had also been on the tribal council and the enrollment committee for her tribe. She testified that she was aware of the childrearing practices of the Chippewa Cree Tribe, in which she stated it was taboo to attempt to raise a child while chemically dependent. Stating she had carefully reviewed the file on this case, Whitaker also opined that, if the mother were allowed to have the care of T.W. without addressing her chemical dependency issues, T.W. would be at great risk.

¶8     The mother asserts that Whitaker was not qualified as an expert under ICWA because she was unable to testify in any clinical capacity to the potential emotional or physical damage to T.W. and did not have the background of an average social worker, let alone the exceptional qualifications demanded by ICWA.  The mother relies on *In re H.M.O.*, 1998 MT 175, 289 Mont. 509, 962 P.2d 1191, and *In re K.H.*, 1999 MT 128, 294 Mont. 466, 981 P.2d 1190.

¶9     Persons with any of the three following sets of characteristics may satisfy the requirements for a qualified expert witness in ICWA proceedings:  a member of the Indian child's tribe who is recognized by the tribal community as knowledgeable in tribal customs as they pertain to family organization and childrearing practices; a lay expert witness having substantial experience in the delivery of child and family services to Indians and extensive knowledge of prevailing social and cultural standards and childrearing practices within the Indian child's tribe; or a professional person having substantial education and experience in the area of his or her specialty.  *H.M.O.*, ¶ 30 (citing 44 Fed.Reg. 67584, 67593 (1979)).  In *K.H.*, ¶¶ 16-18, we merely followed *H.M.O*.

¶10    *H.M.O.* and *K.H.* relate to experts qualified under the third set of characteristics set forth above.  In this case, while DPHHS did not identify the set of characteristics under which it offered Whitaker as an ICWA expert witness, its questioning of her and her testimony address the first two sets of characteristics set forth above.  The District Court ruled Whitaker was qualified but did not specify under which set of characteristics.  On this record, we conclude Whitaker was qualified under both the first and the second sets of

4

characteristics. Therefore, we hold that she was properly qualified as an ICWA expert witness.

¶11    Affirmed.


/S/ KARLA M. GRAY


We concur:


/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART

Justice James C. Nelson specially concurs.

¶12    I concur in the Court's Opinion.

¶13    In this case, without ever definitively determining that T.W. was, in fact, an "Indian child," the DPHHS and the District Court proceeded as if the ICWA applied. It goes without saying, however, that if the child is not an Indian child, then the ICWA does not apply. *See* 25 U.S.C. § 1901, 1902, 1903(4) ("'Indian child' means any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe."); *In re J.L.M.* (Neb. 1990), 451 N.W.2d 377, 387.  And, in that event,  there is no reason for the DPHHS to go to the extra work of complying with the ICWA procedures and meeting its higher burdens of proof.

¶14    The Attorney General urges us to suggest to the trial courts that, in the future, the child's ethnicity status be determined definitively.  As the Attorney General points out, under federal law, either the ICWA applies or it does not; and, there is no point in complying with the strict ICWA requirements if that law does not control the case.

¶15    I believe the Attorney General's suggestion makes sense.  Making the ethnicity determination one way or the other will ultimately conserve the DPHHS's and the District Court's limited resources at trial and may very well eliminate grounds for appeal where--as here--the argument revolves around what, as a matter of law, may have been a non-issue from the outset.

¶16    Accordingly, in concurring with the Court's Opinion,  I reiterate the Attorney General's suggestion here.


                                                    /S/ JAMES C. NELSON